IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD WOLFGRAM;<br>JOHN M.;<br>CHRISTOPHER HOLVENSTOT.;<br>JOHN DOE;<br>MICHAEL de KONING; and,<br>JONATHAN M.<br><br>      *Plaintiff(s),*<br><br>      v.<br><br>DAVID MILLER;<br>LAKE FOREST COMMUNITY HIGH SCHOOL<br>DISTRICT 115; and, LAKE FOREST HIGH<br>SCHOOL,<br><br>      *Defendant(s).* | Case No. 1:21-cv-02755<br><br>Honorable John F. Kness |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.**     **Nature of the Case**

    **A.**     **Attorneys of record for each party.**

For Plaintiffs: Ian R. Alexander and Joseph M. Preiser

For Defendants, Lake Forest High School and Lake Forest Community High School District 115: Jennifer A. Smith, Michael J. Hernandez, and Caroline K. Kane.

For Defendant, David Miller: Steven H. Jesser

    **B.**     **Basis for federal jurisdiction:**

Title IX; 20 U.S.C. §1681, et seq. and 42 U.S.C. §1983.

    **C.**    **Provide a short overview of the case (five sentences or fewer).**

Plaintiffs allege that they were sexually abused by Defendant, David Miller, while students at Lake Forest High School in the years 1976 - 1988. David Miller was employed by LFHS/District 115 and was plaintiffs' teacher. Plaintiffs allege that during 1976 – 1988, Defendant Miller groomed, supplied alcohol to, and sexually abused plaintiffs. Plaintiffs allege that the administration at LFHS and Lake Forest Community High School were made aware of these allegations at the time.

    **D.**    **Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

In their respective motions to dismiss, defendants assert plaintiffs' claims are untimely, barred by the Tort Immunity Act and School Code, and each plaintiff failed to state a valid cause of action.

    **E.**    **What are the principal factual & legal issues?**

Liability, causation & damages.

    **F.**    **What relief is the plaintiff(s) seeking? Quantify the damages, if any.**

Plaintiffs seek in excess of $50,000.00

    **G.**    **Have all the defendants been served, or waived service of process? If not, identify the defendants that have not received service.**

All parties have been served and have filed appearances.

**II.**    **Discovery**

    **A.**    **Propose a discovery schedule. Include the following deadlines:**

    **Also, submit a Word version of the proposed scheduling order to Judge Kness's proposed order inbox:**Proposed_Order_Kness@ilnd.uscourts.gov.

| Event | Deadline |
| --- | --- |
| Amendment to the pleadings | TBD: Depending on ruling of 12(b)(6) motion |
| Service of process on any "John Does" | N/A |
| Completion of Fact Discovery | TBD |

| | |
|---|---|
| Disclosure of Plaintiff's Expert Report(s) | TBD |
| Deposition of Plaintiff's Expert | TBD |
| Disclosure of Defendant's Expert Report(s) | TBD |
| Deposition of Defendant's Expert | TBD |
| Dispositive Motions | TBD |

    **B.**    **How many depositions do the parties expect to take?**

Unknown, and dependent on written discovery. There are 6 plaintiffs.

    **C.**    **Do the parties foresee any special issues during discovery?**

Not at present

**III.**    **Trial**

    **A.**    **Have any of the parties demanded a jury trial?**

Yes. The plaintiffs and the Defendant, David Miller, have filed made a jury demand.

    **B.**    **Estimate the length of trial.**

Unknown at the present time.

**V.**    **Settlement, Referrals, and Consent**

    **A.**    **Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do not provide any particulars of any demands or offers that have been made.)**

No settlement discussions have occurred.

    **B.**    **Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

Not at present.

      **C.** **Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.**

      Parties are informed of possibility of proceeding before the assigned Magistrate Judge, however, parties do not consent to that procedure at this time.

*/s/ Ian R. Alexander*
**Counsel for Plaintiffs**
Goldberg & Goldberg
33 N. Dearborn Street, Ste. 1930
Chicago, IL 60602

*/s/ Caroline K. Kane*
**Counsel for LFHS & Lake Forest Community High School District 115**
Franczek, P.C.
300 S. Wacker Drive, Ste. 3400
Chicago, IL 60606

*/s/ Steven H. Jesser*
**Counsel for Defendant, David Miller**
Steven H. Jesser, Attorney at Law, P.C.
2700 Patriot Blvd., Ste. 250
Glenview, IL 60026